IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| H. JACK DOWNEY, ELIZABETH M. DOWNEY, PAUL F. ALEXANDER, and BRYAN L. SANDERS,  Plaintiffs,  v.  DUNCAN WILLIAMS, INC.,  Defendant. | No. 04-3009 Ml/P |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss, filed January 25, 2005. Plaintiffs responded in opposition on February 22, 2005. Defendant filed a reply that was docketed on March 9, 2005. Plaintiffs filed a response to Defendant's reply on March 10, 2005. Pursuant to the Court's authorization at the parties' April 25, 2005, status conference, Defendant submitted a supplemental memorandum on April 29, 2005.[1] For the following reasons, Defendant's motion to dismiss Plaintiffs' federal securities fraud claims is GRANTED and Plaintiffs' state law

---

[1] In support of their respective positions regarding Defendant's motion to dismiss, both parties have submitted affidavits or declarations. (See Affidavit of John S. Jumper (Docket No. 8); Affidavit of Donald Malmo (Docket No. 9); Declaration of H. Naill Falls Jr. (Docket No. 18).) The Court has not considered these documents in ruling on Defendant's motion to dismiss.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-21-05

claims are REMANDED to the Circuit Court of Shelby County for the Thirtieth Judicial District at Memphis.

The instant case relates to Plaintiffs' purchase of municipal bonds from Defendant Duncan Williams, Inc., the underwriter of the bonds, as well as another underwriter, Cardy and Company, in June and July of 2000. In their Complaint, Plaintiffs assert claims pursuant to federal securities laws, including § 10(b) of the Securities and Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78j and Rule 10(b)5(a) of the Securities and Exchange Commission Regulations promulgated under the 1934 Act; the Tennessee Securities Act, TCA § 48-2-121-22; and Tennessee common law claims of fraud, breach of fiduciary duty, negligence and aiding and abetting common law fraud. Defendant moves to dismiss Plaintiffs' claims as untimely and because Plaintiffs fail to state a cause of action upon which relief may be granted pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4 or under Tennessee law.

## I. BACKGROUND AND RELEVANT FACTS

In April of 2000, the Capstone Improvement District of Brookwood, Alabama issued Series 2000 municipal bonds ("Capstone Bonds") in the amount of $13 million to provide financing for a residential real estate development in Brookwood, Alabama. In July of 2000, Defendant Duncan Williams, Inc., a broker dealer engaged in the securities business, sold Plaintiff Paul Alexander

2

$5,000 worth of Capstone Bonds. In June of 2000, Plaintiffs Jack and Elizabeth Downey bought $15,000 worth of Capstone bonds from a firm called Carty & Co., which had purchased the bonds from Defendant. Also in June of 2000, Plaintiff Bryan Sanders bought $5,000 worth of Capstone bonds from Carty & Co. Defendant was a co-underwriter of the Capstone Bonds.

From the time of purchase of the Capstone Bonds until August of 2003, Plaintiffs received semi-annual interest payments. In August of 2003, the bond issuer defaulted on the interest payments due from the Capstone Bonds.

Plaintiffs claim that Defendant knew and/or recklessly ignored and failed to disclose to Plaintiffs certain material facts, the absence of which Plaintiffs relied upon in purchasing the bonds. The facts that Plaintiffs allege were not disclosed are described in paragraph 17 of Plaintiffs' Complaint. (Pls.' Compl. ¶ 17.) In particular, Plaintiffs contend that Defendant did not disclose the fact that he had insufficient time to investigate the bond issue because he agreed to be the co-underwriter of the bond issue only three days before it closed after another underwriter had backed out; that the primary manager of the project had obtained that position by default due to a disagreement among other principals, had never managed a real estate development and lacked time and experience to do so; that the former lead figure in the development had been pushed

3

out of the lead role but retained an interest in the project; that 15% of the cash raised by the bond issue was paid to the development company for construction work done prior to the bond offering; that no meaningful cost estimates or plans were made regarding and no expert opinion supported a $12 million estimated cost for a crucial 4.7 mile corridor road linking the development with the nearest highway; that insufficient funds were available to pay the principal and interest payments over the life of the bonds; that the estimate of the total amount of sales the project could generate was not supported by an appraisal; that the projected timetable for sales was unreasonably optimistic; that on May 8, 2000, Defendant was advised that the developer was negotiating to sell approximately one quarter of the lots at prices significantly below those used in projections in the Official Statement; and that Defendant failed to investigate the amount of net assets of the guarantor of the bonds, which was significantly inflated. (Pls.' Compl. ¶ 17.)  Plaintiffs also contend that Defendant became aware of information during the course of the project that made obvious the imminence of a bond default, but that it did not share that information with Plaintiffs. (Pls.' Compl. ¶ 20.)  Defendant contends that the Official Statement disseminated with the Capstone Bonds expressly described numerous risk factors associated with the Capstone

4

Bonds and the underlying project and that it did not fail to disclose any material information.

## II. STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true. Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). Furthermore, the court must construe all of the allegations in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a [claim under 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III. ANALYSIS

Defendant moves to dismiss Plaintiffs' claims because they are assertedly untimely and fail to state a claim under the PSLRA. Because the Court finds that Plaintiffs have failed to properly plead their claims pursuant to the PSLRA, the Court does not address Defendant's contention that Plaintiffs' claims are untimely.

5

**A. Federal Securities Claims**

Defendant moves to dismiss Plaintiffs' claims because Plaintiffs' Complaint assertedly fails to meet the heightened pleading standards for securities fraud cases contained within the PSLRA. In order to state a claim under § 10(b) of the 1934 Act and Rule 10b-5, "a plaintiff must allege, in connection with the purchase or sale of securities, the misstatement or omission of a material fact, made with scienter, upon which the plaintiff justifiably relied and which proximately caused the plaintiff's injury." In re Comshare Inc. Securities Litigation, 183 F.3d 542, 548 (6th Cir. 1999). The PSLRA further requires that a complaint in a federal securities fraud case must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1).

Defendant first contends that Plaintiffs have failed to adequately plead material misrepresentations or omissions with the particularity required by the PSLRA. Specifically, Defendant contends that Plaintiffs fail to state with particularity the facts upon which their beliefs about those alleged omissions are formed and that the allegedly omitted facts to which Plaintiffs point are not material. Plaintiffs contend that they have

6

alleged in their Complaint specific, material facts which Defendant omitted and that they are not required by the PSLRA to state the basis for the allegations in their Complaint.

Under the PSLRA, when an allegation is made upon information and belief, "the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1); see also Fidel v. Farley, 392 F.3d 220, 227 (6th Cir. 2004)(citing 15 U.S.C. § 78u-4(b)(1)). The United States Court of Appeals for the Sixth Circuit has not yet addressed exactly what information a plaintiff in a securities fraud case must include in a complaint to meet this requirement of the PSLRA. The Second Circuit, however, has found that "a complaint can meet the new pleading requirement imposed by paragraph (b)(1) by providing documentary evidence and/or a sufficient general description of the personal sources of the plaintiffs' beliefs." Novak v. Kasaks, 216 F.3d 300, 314 (2nd Cir. 2000); see also ABC Arbitrage Plaintiffs Group v. Tchuruk, 291 F.3d 336, 353 (5th Cir. 2002)(adopting the Novak standard). The Court finds the rule adopted by the Second Circuit Court of Appeals persuasive and adopts it here.

A review of Plaintiffs' Complaint indicates that Plaintiffs' allegations are not based upon personal knowledge. The allegations in Paragraphs 17 and 20, in particular, relate to information about which Defendant was aware but allegedly did not

7

disclose to Plaintiffs. Accordingly, Plaintiffs did not have personal knowledge of that information as of the time of their purchase of the bonds, and must have gained that knowledge from extrinsic sources sometime prior to the filing of their Complaint. Since Plaintiffs do not assert that any of the allegations in the Complaint are based upon personal knowledge, *ipso facto*, Plaintiffs' allegations must be based upon information and belief.[2] See ABC Arbitrage, 291 F.3d at 351 (finding allegations not based upon personal knowledge are necessarily pleaded on information and belief).

In Paragraphs 17(a)-(l) of their Complaint, Plaintiffs allege that Defendant omitted several material facts upon whose absence Plaintiffs relied in purchasing the Capstone bonds. Plaintiffs' Complaint, however, fails to state any basis for the allegations in Paragraph 17.[3] Plaintiffs do not refer to any

---

[2] Only one paragraph of Plaintiffs' Complaint specifically indicates that it is made upon information and belief (See Complaint, ¶ 14.)

[3] The only allegation that is supported by any indication of the basis for it is Paragraph 17(d). That paragraph alleges that the primary manager of the Capstone project, Eugene Borgosz, had never managed a real estate development and was the Chief Executive Officer of three other companies at the time of the Capstone project, therefore he lacked the time and experience to do the job properly. To support that allegation, Plaintiff references a letter dated February 10, 2001, to Duncan Williams that states "for months it has been suggested that the development hire a competent, experienced individual to coordinate and manage all aspects of the development." However, that statement does not provide a factual basis for the allegations in Paragraph 17(d).

8

documentary evidence to support their allegations, nor do they provide any description of the personal sources of their beliefs. Because Plaintiffs fail to point to any basis whatsoever for the allegations in Paragraph 17 of their Complaint, Plaintiffs have failed to comply with the pleading requirements of 15 U.S.C. § 78-u(4)(b)(1). Accordingly, Plaintiffs' Complaint is DISMISSED.

Even if Plaintiffs had sufficiently pled their factual allegations, however, Plaintiffs have failed to plead scienter with the particularity required by the PSLRA. The PSLRA requires that a complaint for securities fraud "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). With respect to the relevant state of mind required to be liable for securities fraud, the Sixth Circuit has held that "a defendant in an action for securities fraud may be liable for recklessness, that is, 'highly unreasonable conduct which is an extreme departure from the standards of ordinary care.'" Helwig v. Vencor, Inc., 251 F.3d 540, 550 (6th Cir. 2001)(citation omitted).

Under the PSLRA, the inference of scienter must be "strong." PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 682 (6th Cir. 2004) The Sixth Circuit has defined a "strong inference" of scienter as:

> [R]easonable and strong - but not irrefutable. "Strong inferences" nonetheless involve deductive reasoning;

9

> their strength depends on how closely a conclusion of misconduct follows from a plaintiff's proposition of fact. Plaintiffs need not foreclose all other characterizations of fact, as the task of weighing contrary accounts is reserved for the fact finder. Rather, the "strong inference" requirement means that plaintiffs are entitled only to the most plausible of competing inferences.

PR Diamonds, 364 F.3d at 682 (citing Helwig, 251 F.3d at 553). "This represents a significant strengthening of the pre-PSLRA standard under Rule 12(b)(6), which gave the plaintiff the benefit of *all* reasonable inferences, and contemplated dismissal only if it is clear that no relief could be granted under *any* set of facts that could be proved consistent with the allegations." Helwig, 251 F.3d at 553 (citations and internal quotation marks omitted). Accordingly, "*some* inference of scienter ... is not enough." PR Diamonds, 364 F.3d at 684. Rather, "[t]he PSLRA requires the Complaint to establish ... the most plausible of competing inferences - that the Individual Defendants acted at least recklessly, meaning that their states of mind were reflected in highly unreasonable conduct constituting an extreme departure from the standards of ordinary care so obvious that any reasonable person would have known of it." Id. The Sixth Circuit "employs a totality of the circumstances analysis whereby the facts argued collectively must give rise to a strong inference of at least recklessness." Id. at 683.

Plaintiffs point to the allegations in Paragraphs 17-21 of their Complaint to support their contention that they have

10

properly alleged scienter.[4]  As noted above, Paragraph 17 of Plaintiffs' Complaint describes information that Defendant allegedly failed to disclose to Plaintiffs prior to their purchase of the bonds.  Paragraph 18 of Plaintiffs' Complaint alleges that Defendant failed to disclose to Plaintiffs the facts alleged in Paragraph 17. (See Pls.' Compl. ¶ 18.)  Paragraph 19 of Plaintiffs' Complaint alleges that Defendant failed to engage in a diligent, good faith investigation of the bonds and the underlying bond project before selling the bonds to Plaintiffs. (See Pls.' Compl. ¶ 19.)  Paragraph 20 of Plaintiffs' Complaint describes facts that occurred following the sale of the bonds to Plaintiffs that allegedly demonstrate Defendant's kowledge that the bond project was "off-track from the beginning."  (Pls.' Compl. ¶ 20.)  Plaintiffs contend that these paragraphs of their Complaint properly plead scienter by alleging conduct that was highly unreasonable and a departure from the ordinary standard of care.

The Court finds that, considering the totality of the circumstances and drawing the most plausible inferences in favor of Plaintiffs, a strong inference of scienter cannot be drawn from the allegations in Plaintiffs' Complaint.  First, all of the allegations in Paragraph 20 relate to events that occurred

---

[4] The allegations in Paragraph 17 of Plaintiffs' Complaint are detailed supra, p. 3-4.

11

subsequent to the sale of the Capstone bonds to Plaintiffs. Although it is possible that such subsequent conduct could support some inference of scienter, the Court finds that such information does not support a "strong inference" of Defendant's scienter at the time of the sale of the bonds. Additionally, the allegations in Paragraphs 17 through 19 of Plaintiffs' Complaint merely detail the information that Defendant allegedly failed to disclose or obtain prior to the sale - which the Court finds does not establish that Defendant's recklessness was the "most plausible of competing inferences." See PR Diamonds, 364 F.3d at 684. Accordingly, even if Plaintiffs had properly pled their claims, Plaintiffs' claims would be dismissed for failure to sufficiently plead scienter under the PSLRA.[5]

---

[5] Plaintiffs' March 10, 2005, response to Defendant's reply in support of its motion to dismiss stated, in relevant part:
> Plaintiffs believe that their complaint satisfied the various pleading standards applicable to their claims. Nevertheless, if the Court believes that plaintiffs are required to identify further the sources of their factual allegations, then plaintiffs respectfully request leave to file an amended complaint doing so.

(Pls.' Resp. to Def.'s Reply in Supp. of Def.'s Mot. to Dismiss.) It would not be appropriate for the Court, however, consistent with its role as an impartial adjudicator, to advise Plaintiffs regarding whether or not to file an amended complaint. As of the date of this order, Plaintiffs have not filed a motion for leave to file an amended complaint and the Court has not granted Plaintiffs leave to do so. Additionally, Plaintiffs were afforded the opportunity to provide supplemental materials subsequent to the parties April 25, 2005, status conference, but chose within their right not to do so.

12

### 2. State Law Claims

Having granted Defendant's motion to dismiss Plaintiffs' federal securities fraud claims, the Court exercises its discretion to decline to assert supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3).[6] Accordingly, Plaintiffs' state law claims against Defendant are hereby DISMISSED.

## IV. CONCLUSION

For the reasons stated, Defendant's motion to dismiss Plaintiffs' federal securities fraud claims is GRANTED and the Court DISMISSES Plaintiffs' state law claims.

So ORDERED this 19th day of July, 2005.

*/s/ Jon P. McCalla*
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiffs' Complaint asserted that the Court had federal question jurisdiction over Plaintiffs' federal securities law claims pursuant to 15 U.S.C. § 78aa and 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. (See Pls.' Compl. ¶ 8.)

13

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 49 in case 2:04-CV-03009 was distributed by fax, mail, or direct printing on July 21, 2005 to the parties listed.

---

Harold Naill Falls
FALLS & VEACH
1143 Sewanee Rd.
Nashville, TN 37220

Lori Hackleman Patterson
ALLAN J. WADE, PLLC.
119 S. Main St.
Ste. 700
Memphis, TN 38103

John B. Veach
FALLS & VEACH
1143 Sewanee Rd.
Nashville, TN 37220

Allan J. Wade
ALLAN J. WADE, PLLC.
119 S. Main St.
Ste. 700
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT